UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

SHAWN GRAVES, by his Mother and Natural Guardian MOTIQUE GRAVES

        Plaintiffs,

-vs-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, POLICE OFFICER JASON CUTLER, TAX ID # 926732, POLICE OFFICER MARIBEL BURGOS, TAX ID # 933556, POLICE OFFICER MONTY GREEN, TAX ID # 934330, and JOHN/JANE DOES, 1-5, individually, who were involved in the incident resulting in plaintiff's arrest and injuries,

        Defendants.

------------------------------------------------------------X

ECF Case No:

**CV 12 - 2791**

**COMPLAINT AND JURY DEMAND**

TOWNES, J.

GO, M.J.

Plaintiffs, SHAWN GRAVES, by his Mother and Natural Guardian, MOTIQUE GRAVES, by their attorneys, GOLDBERG & LASSON, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York, against the CITY OF NEW YORK, police officers JASON CUTLER, MARIBEL BURGOS, MONTY GREEN, and JOHN/JANE DOES 1-5, individually, all being police officers employed by the New York City Police Department in their individual capacities, and against POLICE

-1-

COMMISSIONER RAYMOND W. KELLY. Jurisdiction in this action is based upon 28 U.S.C. Sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. The amount in controversy exceeds $150,000.00 excluding interest and costs.

3. Venue is laid within the United States District Court for the Eastern District of New York in that plaintiff, SHAWN GRAVES, and defendant, CITY OF NEW YORK, are located within, and a substantial part of the events giving rise to the claim occurred within, the boundary of the Eastern District of New York.

4. It is alleged that on June 4, 2009, the individual police officer defendants, all employed by the New York City Police Department, acting under color of state law, intentionally and willfully subjected plaintiff SHAWN GRAVES to, *inter alia*, excessive force and malicious prosecution upon making an unreasonable seizure of the person of the plaintiff. These actions violated plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the New York City Police Department.

5. Plaintiff seeks monetary damages (special, compensatory and punitive) against the defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## THE PARTIES

6. At all times relevant hereto, plaintiff, SHAWN GRAVES was a resident of the State of New York and citizen of the United States.

7. At all times relevant hereto, plaintiff, SHAWN GRAVES, was a minor and, MOTIQUE GRAVES, his Mother and Natural Guardian, was of full age.

8. At all times relevant hereto, all individual defendants named herein were duly appointed and acting officers and entities of the New York City Police Department, acting under color of law, namely under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. At all times relevant hereto, Police Officer JASON CUTLER ("Cutler"), Police Officer MARIBEL BURGOS ("Burgos"), Police Officer MONTY GREEN ("Green) and JOHN/JANE DOES 1-5 were New York City Police Officers or Sergeants of the New York City Police Department. They are each sued in their individual and official capacities as a result either of their actions at the scene of the incident giving rise to the claims herein, or in their capacity as policymakers with respect to the training, supervision, and discipline of officers under their command.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and still is a municipal corporation organized under the laws of the State of New York.

11. At all times relevant hereto, defendant RAYMOND W. KELLY, was and still is the Commissioner of the New York City Police Department and as such was a policymaker with respect to the training, supervision, and discipline of New York City

Police Department officers, including the individual defendants named herein. The Commissioner is being sued in both his individual and official capacities.

12. At all times relevant hereto, The New York City Police Department was and is a municipal corporation and the public employer of the officers which are named as defendants herein.

## FACTS

13. On June 4, 2009, at approximately 5:30 p.m., plaintiff, SHAWN GRAVES, then fourteen (14) years old, was a fare-paying passenger aboard the "L" Subway Line, in Brooklyn, New York. Plaintiff was traveling in the company of several companions, with whom he was going to a public swimming pool, located near the intersection of Linden Boulevard and Mother Gaston Boulevard in Brooklyn, New York.

14. Plaintiff then had a backpack with him, which contained, *inter alia*, his swimming trunks, cell phone and various other personal school books and papers. Plaintiff was at that time unaware that said back pack also contained a BB gun, which he had stored in the bag earlier in the day while at home, but had forgotten to remove when he packed his swimming gear to go to the pool.

15. Plaintiff and his companions had just gotten off the train at the New Lots Avenue Station, when one of them grabbed his backpack without his permission and ran down the street toward a woman who had gotten off the train ahead of them. Plaintiff did not give his companion permission or authority to remove his backpack.

16. Plaintiff thereafter saw his companion remove the BB gun from his backpack, approach and then assault the woman on the street who had gotten off the train before them.

17. At no time prior to the aforesaid occurrence did plaintiff, SHAWN GRAVES, make any suggestion or take any action to in any way encourage, aid or abet his traveling companion to commit said assault; nor was he otherwise involved in the planning or commission of said assault in any way.

18. After observing said occurrence, plaintiff panicked and wanted to avoid becoming involved or implicated in any way in what had occurred. He, therefore, immediately ran from the scene.

19. Shortly thereafter, an unidentified man, unknown to plaintiff, driving a gold sedan began chasing him by car in the general direction of Riverdale Avenue. Plaintiff was in fear of said person and continued to flee in an attempt to reach safety.

20. A short time thereafter, defendant CUTLER, who was dressed in street clothes and carrying a gun, began chasing after SHAWN GRAVES while verbally threatening to shoot the plaintiff in the head. Plaintiff was terrified of this armed and threatening man and, in fear for his life, continued to run in an attempt to reach safety.

21. As plaintiff, SHAWN GRAVES, attempted to cross Sackman Street, defendant CUTLER seized control of his person, by first grabbing the back of his shirt and then slamming plaintiff's chest down against a police car. Immediately thereafter, defendant CUTLER began to strike the plaintiff repeatedly and violently and then pulled his left arm

behind his back, as though to handcuff him.

22. At no time did plaintiff, SHAWN GRAVES, resist defendant CUTLER'S or any other NYPD Officer's attempt to place his hands behind his back.

23. As defendant CUTLER was physically beating plaintiff, SHAWN GRAVES, defendants BURGOS and GREEN arrived on the scene. Instead of impeding or stopping the unnecessary use of such vicious and excessive force on plaintiff by defendant CUTLER, defendant BURGOS immediately began to repeatedly punch the plaintiff about his body.

24. Plaintiff vainly tried to ask the defendants why he was being beaten and at one point, as he attempted to turn his head to look at his attackers, defendant CUTLER slammed the plaintiff's head violently against the police car.

25. Immediately thereafter, defendant CUTLER forcefully lifted plaintiff by his left arm, which was still behind his back, and viciously punched him in said arm in the area of his left biceps muscle. Plaintiff immediately suffered severe and intense pain and felt a popping or cracking sensation at or near his left biceps muscle. Plaintiff, SHAWN GRAVES, immediately began to cry, lost all control of his arm and fell to the ground, while defendant CUTLER and other defendants continued to verbally taunt him.

26. Only then, while plaintiff was writing on the ground in pain, crying and pleading with the defendant NYPD officers to stop, did defendants CUTLER, BURGOS, and GREEN handcuff him and put him in a police car.

27. Shortly thereafter, the individual Officer defendants brought a woman to the police car for the apparent purpose of identifying him as her attacker. The woman was

unsure that plaintiff was her attacker, and the man in the gold colored sedan, who had witnessed the incident, told the police that plaintiff, SHAWN GRAVES, was not, in fact, the attacker. Nonetheless, plaintiff was taken by the police to 73rd Precinct, in Brooklyn.

28. While at said Police Precinct, plaintiff told the individual NYPD defendants' supervisor, DETECTIVE ROBERT SHABAZZ, what had happened and that he was in need of medical attention, but SHABAZZ refused to intervene or get plaintiff medical attention at that time.

29. Plaintiff was charged with Attempted Robbery in the First Degree (P.L. Section 110/160.15.3), Attempted Assault in the Second Degree (P.L. Section 120.05.2), Menacing in the Second Degree (P.L. Section 120.14.1), Criminal Possession of the Weapon in the Fourth Degree (P.L. Section 265.01.2), Criminal Possession of a Weapon with the Intent to Use (P.L. Section 265.01), Obstructing Governmental Administration in the Second Degree (P.L. Section 195.05), Resisting Arrest (P.L. Section 205.30), and Possession of Imitation Firearms (NYC 10-131 G1). The Plaintiff was incarcerated for approximately seven days before being released.

30. The charges of Criminal Possession of a Weapon with the Intent to Use (P.L. Section 265.01), Obstructing Governmental Administration in the Second Degree (P.L. Section 195.05), and Resisting Arrest (P.L. Section 205.30) were ultimately dismissed, while the charges of Attempted Robbery in the First Degree (P.L. Section 110/160.15.3), Attempted Assault in the Second Degree (P.L. Section 120.05.2), Menacing in the Second Degree (P.L. Section 120.14.1), Criminal Possession of the Weapon in the Fourth Degree (P.L. Section

265.01.2) were all withdrawn after it became apparent the alleged victim had failed to or mis-identified plaintiff, SHAWN GRAVES, as the perpetrator. During proceedings in the Family Court, plaintiff later admitted only to an administrative code violation, Possession of Imitation Firearms (NYC 10-131 G1). He was declared to be a Juvenile Delinquent and was sentenced to probation.

31. At no time during the events described above was SHAWN GRAVES intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. Notwithstanding his temporary possession of an imitation pistol, in violation of NYC 10-131 G1, he had not committed any criminal offenses.

32. At not time during the events described above was SHAWN GRAVES intoxicated, incapacitated, disorderly, non-cooperative, or a threat to the safety of himself or others. Notwithstanding his earlier temporary possession of an imitation pistol, in violation of NYC 10-131 G1, he had not committed any criminal offense, attempted at any time to exhibit or use said imitation pistol, known that it was in his possession or that, if it was, it would be taken from him without his permission and authority and used in tghe commission of a crime or offense.

33. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described above and lent their physical presence, support and the authority of their office to each other during the said events.

34. As a direct and proximate result of the said acts of the defendants, the plaintiff,

SHAWN GRAVES, suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Loss of his physical liberty.

    c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money and treatment, including, but not limited to, a fracture of the left humerus, swelling, abrasions, wounds, scarring and disfigurement to his head, neck, back, and arms.

35. The actions of the defendant Officers violated the long-established and well-settled federal constitutional rights of SHAWN GRAVES, to wit: the freedom from the unreasonable seizure of his person.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANT OFFICERS

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth hereinafter at length.

37. Plaintiff SHAWN GRAVES claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants CITY OF NEW YORK, and CUTLER, BURGOS, GREEN, and JOHN/JANE DOES 1-5, all of which engaged in the actions and conduct alleged herein in their official capacities as New York City Police Department police officers and under color and authority of federal and state law, regulation, ordinance,

custom and usage, for violation of SHAWN GRAVES' constitutional rights under color of law. Each of the individual officer defendants acted within the course and scope of their employment with the New York City Police Department of defendant CITY OF NEW YORK.

38. That such actions served to deprive, plaintiff, SHAWN GRAVES of the rights and privileges of the United States Constitution, the Fourth and Fourteenth Amendments of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, the unlawful and unjustified application of excessive force to the person of the plaintiff deprived him of his right to be free from unreasonable seizures.

39. The defendant police officers individually named not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's civil rights or with a reckless disregard for whether defendant's conduct would violate such rights.

40. Plaintiff SHAWN GRAVES has been damaged as a result of defendants' wrongful acts in the amount of Five Million Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANT OFFICERS

41. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth hereinafter at length.

42. Prior to June 4, 2009, the New York City Police Department of defendant City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens, which caused the violation of plaintiff SHAWN GRAVES' rights.

43. It was the policy and/or custom of the New York City Police Department of defendant City of New York to inadequately supervise, train, discipline, sanction or otherwise direct its police officers, including defendant officers named in this case, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The New York City Police Department did not require appropriate in-service training of officers on the subject of police misconduct, nor did it take measures to prevent such constitutional abuses such as described herein.

44. As a result of the New York City Police Department's developed policies and customs, police officers of the New York City Police Department, including the defendant officers named in this case, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated.

45. The above-mentioned policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of the New York City Police Department. Said policies, practices, and customs have served to encourage the police officers' unlawful conduct described above, such conduct having adversely impacted upon the constitutional rights of citizens, and were the cause of the violations of the plaintiff SHAWN GRAVES' rights alleged herein on June 4, 2009.

46. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Million Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS

47. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth herein at length.

48. Plaintiff SHAWN GRAVES claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants CITY OF NEW YORK and CUTLER, BURGOS, GREEN, and JOHN/JANE DOES 1-5, all of which engaged in the actions and conduct alleged herein in their official capacities as New York City Police Department police officers and under color and authority of federal and state law, regulation, ordinance, custom and usage, for violation of SHAWN GRAVES' constitutional rights under color of law. Each of the individual officer defendants acted within the course and scope of their employment with the New York City Police Department of defendant CITY OF NEW YORK.

49. That such actions by the defendants served to deprive SHAWN GRAVES of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, he was deprived of his right to due process of law, of his right to happiness and to liberty.

50. The defendant police officers individually named not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's civil rights or with a reckless disregard for whether defendant's conduct would violate such rights.

51. Plaintiff SHAWN GRAVES has been damaged as a result of defendants' wrongful acts in the amount of Five Million Dollars.

WHEREFORE, Plaintiff Shawn Graves demands judgment against the defendants, jointly and severally, as follows:

    a.    In favor of plaintiff in the amount of Five Million Dollars for each of plaintiff's respective Causes of Action;

    b.    Awarding costs and disbursements of this action to the plaintiff;

    c.    Awarding reasonable attorney fees of this action to the plaintiff;

    d.    Awarding punitive damages in the amount of Five Million Dollars for each of plaintiff's respective Causes of Action; and

    e.    Awarding such other and further relief as this Court may deem appropriate, just and proper.

### JURY DEMAND

The plaintiff hereby demands a jury trial.

Dated:    Brooklyn, New York
June 4, 2012

GOLDBERG & LASSON
Donald Drew Goldberg, Esq.
*Attorneys for the Plaintiff*
26 Court Street, Suite 2100
Brooklyn, NY 11242
Phone: (718) 858-4915

TO:

THE CITY OF NEW YORK
Office of Corporation Counsel
100 Church Street, 4th Floor
New York, New York 10007

POLICE COMMISSIONER RAYMOND W. KELLY
1 Police Plaza, Room 1406
New York, New York 10006

POLICE OFFICER JASON CUTLER, TAX ID # 926732
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11211

POLICE OFFICER MARIBEL BURGOS, TAX ID # 933556
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11211

POLICE OFFICER MONTY GREEN, TAX ID # 926732
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11211

JOHN/JANE DOES, 1-5
Office of Corporation Counsel
100 Church Street, 4th Floor
New York, New York 10007